IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LOREN C. GILL, | * |
| Plaintiff, | * |
| vs. | *    CASE NO. 4:11-CV-168 (CDL) |
| JAY NICOL, | * |
| Defendant. | * |

O R D E R

Presently pending before the Court are Plaintiff Loren C. Gill's ("Gill") Application for Entry of Partial Default Judgment (ECF Nos. 7 & 8) and Defendant Jay Nicol's ("Nicol") Motion to Dismiss, or in the alternative, Motion to Transfer Venue (ECF No. 2). For the reasons set forth below, these motions are denied.

FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Gill filed his Complaint against Nicol in the Superior Court of Muscogee County on September 30, 2011. Notice of Removal Attach. 1 at 4-8, Complaint, ECF No. 1-1 [hereinafter Compl.]. Gill, a resident of Washington state, alleges that he was the sole owner of a company called Advance Alaska, LLC, a check cashing and payday loan business that operates in Alaska. *Id.* ¶¶ 4-5. Gill asserts that he sold the company to a Georgia company called Premium Service, LLC. *Id.* ¶ 6. "The purchase

price was set at $841,870.31 with interest at 9%," and Premium Service, LLC executed a Purchase and Sale Agreement and a Promissory Note and Security Agreement. *Id.* With Gill's approval, Premium Service, LLC assigned its entire interest in Advance Alaska, LLC to Nicol, a Utah resident, who executed an Assignment and Assumption Agreement ("Assignment Agreement") and agreed to perform under the Promissory Note and Security Agreement. *Id.* ¶ 7. Nicol has not made any payments under the Promissory Note. *Id.* ¶ 9.

Gill brought three claims against Nicol. Count I is a claim for the debt owed under the Promissory Note and Security Agreement. *Id.* ¶¶ 13-14. Count II is a claim for "Foreclosure of Security Interest," and Gill seeks a writ of possession under "O.C.G.A. § 44-14-23."[1] *Id.* ¶¶ 15-18. With regard to Count II, Gill requested that "special process issue in accordance with O.C.G.A. § 14-14-232 requiring [Nicol] to make answer within seven (7) days following service."[2] *Id.* at 5. Count III seeks injunctive relief prohibiting Nicol from converting the assets of Advance Alaska, LLC. *Id.* ¶¶ 19-21.

Nicol was served with the Complaint and Summons on October 10, 2011. The Summons stated that Nicol was commanded to serve

---

[1] "O.C.G.A. § 44-14-23" does not exist; this was an error. The Complaint presumably should have read "O.C.G.A. § 44-14-231." Req. for Clerk to Enter Partial Default J. Against Def. ¶ 4, ECF No. 7.
[2] "O.C.G.A. § 14-14-232" does not exist; this was an error. The Complaint should have read O.C.G.A. § 44-14-232. Req. for Clerk to Enter Partial Default J. Against Def. ¶ 4 n.1, ECF No. 7.

"an answer to Counts I and II of the complaint . . . within 30 days after the service of this summons." Notice of Removal Attach. 1 at 1, Summons 1, ECF No. 1-1. The Summons also stated that "[w]ith respect to Count II," Nicol was commanded to file an answer "within seven days from the date of service" of the Complaint. *Id.* Nicol did not answer within seven days, and Gill now maintains that he is in default as to Count II of the Complaint.

Nicol filed a Notice of Removal on November 9, 2011. He filed his Motion to Dismiss on November 16, 2011, arguing that he is not subject to the personal jurisdiction of this Court, or in the alternative, that the action should be transferred to a more convenient forum. Gill responds that jurisdiction and venue are proper in this forum because Nicol agreed to a forum selection clause placing venue in this forum.

                              DISCUSSION

I.   **Gill's Application for Entry of Partial Default**

Under Georgia law, when a petition for writ of possession is made under O.C.G.A. § 44-14-231, the summons must comply with O.C.G.A. § 44-14-232 and notify the defendant that he must answer within seven days of service. O.C.G.A. § 44-14-232(b). Though the statute requires the summons to include "[t]he last possible date on which the defendant can answer," O.C.G.A. § 44-14-232(d), the Summons in this case does not include that date.

3

Rather, it simply contains blanks: "The last possible date on which the defendant may answer is the _____ day of _____, 2011." Summons 2.

If a defendant does not answer a petition for writ of possession on or before the date provided in the summons, "the defendant may reopen the default as a matter of right by making an answer within seven days after the date of the default." O.C.G.A. § 44-14-233(a). "If the defendant fails to answer or open the default, the court shall grant a writ of possession and . . . the plaintiff shall be entitled to a verdict and judgment by default." O.C.G.A. § 44-14-233(b).

Gill contends that Nicol did not timely answer or otherwise respond to Count II of Gill's Complaint because Nicol did not file an answer to Count II within seven days of being served with the Summons and Complaint. Nicol did, however, timely remove the action and file his Motion to Dismiss in accordance with federal law. Cases that were filed in state court but could have been brought originally in federal court may be removed to federal court. 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days after service on the defendant. 28 U.S.C. § 1446(b)(1). Nicol timely filed his Notice of Removal within thirty days of being served with the Complaint and Summons.

4

The next question is whether Nicol timely filed his Motion to Dismiss. In general, Federal Rule of Civil Procedure 12 governs when a responsive pleading or motion to dismiss is due, "[u]nless another time is specified by this rule or a federal statute." Fed. R. Civ. P. 12(a)(1). If a defendant "did not answer before removal," then Federal Rule of Civil Procedure 81(c)(2) provides the deadline: either twenty-one days after receiving an initial pleading or summons or seven days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2). Here, Nicol timely filed his Motion to Dismiss in accordance with Rule 81 because he filed it within seven days after filing his Notice of Removal. For all of these reasons, the Court cannot conclude that Nicol has failed to answer or otherwise defend under federal law.

Gill argues that the Court should enter a default judgment because Nicol did not answer the petition for a writ of possession within the time allowed by Georgia law. Gill has not clearly articulated a basis for his argument. To the extent Gill contends that the clerk of the Georgia court was required, under O.C.G.A. § 44-14-233(b), to enter a default judgment against Nicol after Nicol failed to file a responsive pleading in the superior court by October 24, 2011 and that this Court, on removal, was obliged by O.C.G.A. § 44-14-233(b) to enter such a judgment on Gill's claims, the Court rejects that argument.

The Court must take a case as it finds it on removal. *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in [the state court action] prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *accord Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) ("After removal, the federal court takes the case up where the State court left it off.") (internal quotation marks omitted). Once a case has been removed to federal court, federal law governs the course of proceedings. *Granny Goose*, 415 U.S. at 437; *accord* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

In this case, the state court did not enter a default judgment prior to removal. The question for this Court, therefore, is whether a default judgment is warranted under Rule 55. The Court concludes that it is not. Under Federal Rule of Civil Procedure 55(a), default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). While it is true that Nicol did not file a responsive pleading within the time required by O.C.G.A. §§ 44-14-232(b) and 44-14-233(a), the Court finds that Nicol should be excused from those deadlines because the Summons was insufficient to

6

notify him of the time within which he must appear and defend. *See* Fed. R. Civ. P. 4(a)(1)(D) ("A summons must . . . state the time within which the defendant must appear and defend[.]"); *accord* O.C.G.A. § 9-11-4(b) ("The summons shall . . . state the time within which this chapter requires the defendant to appear and file appropriate defensive pleadings[.]").

As discussed above, the Summons itself is internally inconsistent and vague as to when Nicol's response to Count II was due because it first states that the answer to Count II is due "within 30 days" and then states that the answer to Count II is due "within seven days." Summons 1. In addition, the Summons does not state the last possible date on which Nicol could answer Count II as required by O.C.G.A. § 44-14-232(d); instead, the Summons contains blanks. Summons 2. Finally, neither the body of the Complaint nor the plea for relief clarifies any of the shortcomings in the Summons because the Complaint never actually references the correct statute. Rather, the Complaint references two nonexistent statutes— "O.C.G.A. § 44-14-23" and "O.C.G.A. § 14-14-232. For all of these reasons, the Court concludes that the Summons was insufficient to put Nicol on notice of the seven-day response deadline, and the Court therefore concludes that Gill is not entitled to a default judgment under Rule 55.

In summary, given that Nicol timely removed this action in accordance with federal law, timely filed his Motion to Dismiss in accordance with federal law, and did not receive a summons sufficient to put him on notice of a seven-day response deadline, Gill's Application for Entry of Partial Default Judgment is denied.

## II.  Nicol's Motion to Dismiss

Nicol moves to dismiss Gill's Complaint under Federal Rule of Civil Procedure 12(b)(2), contending that the Court may not exercise personal jurisdiction over him.[3]  For the reasons set forth below, the Court finds that it may exercise personal jurisdiction over Nicol, and Nicol's motion to dismiss is therefore denied.[4]

Under the Assignment Agreement, Premium Services, LLC assigned its "rights, obligations and benefits under the" Purchase and Sale Agreement and the Promissory Note and Security Agreement to Nicol.  Compl. Ex. 6, Assignment & Assumption

---

[3] Nicol also asserts that he is entitled to dismissal under Rule 12(b)(3) because venue is improper.  Nicol does not appear to argue that venue is improper under 28 U.S.C. § 1391, and he has not put forth another argument in favor of dismissal under Rule 12(b)(3).  Rather, he seeks a transfer under 28 U.S.C. § 1404.  To the extent Nicol seeks dismissal under Rule 12(b)(3), his motion is denied because he has not pointed the Court to grounds for dismissal under that Rule.

[4] Gill asserts that Nicol's Motion to Dismiss should be treated entirely as a motion for transfer and should not be considered a motion under Rule 12(b) that alters the time for serving a responsive pleading.  Gill contends that Nicol should therefore be considered in default.  The Court finds that Nicol's arguments in favor of his Motion to Dismiss are not frivolous, and the Court therefore declines to construe the motion solely as a motion for transfer.

Agreement ¶¶ 1.2-1.3, ECF No. 1-1 at 17 [hereinafter Assignment Agrement]. The Assignment Agreement contains a forum selection clause, and Gill contends that Nicol is subject to personal jurisdiction in this Court "by virtue of executing a contract which has a 'forum selection clause' designating Muscogee County, Georgia as the location and venue for filing suit." Compl. ¶ 2. Specifically, the Assignment Agreement states that Georgia law governs the Agreement, and it provides, in pertinent part: "The parties agree that Muscogee County, Georgia shall be the venue for any action, special proceeding or other proceeding that may be brought, or arise out of, in connection with or by reason of this Agreement." Assignment Agreement ¶¶ 3.1-3.2, ECF No. 1-1 at 19.

Under Georgia law, personal jurisdiction may be waived by contract. *Apparel Res. Int'l, Ltd. v. Amersig Se., Inc.*, 215 Ga. App. 483, 484, 451 S.E.2d 113, 115 (1994). A nonresident can consent to personal jurisdiction in Georgia if the nonresident enters into a contract that contains a Georgia forum selection clause, so long as the forum selection clause is enforceable. *E.g., OFC Capital v. Colonial Distribs., Inc.*, 285 Ga. App. 815, 816, 818-9, 648 S.E.2d 140, 141, 143 (2007); *accord Panhandle Fire Prot., Inc. v. Batson Cook Co.*, 288 Ga. App. 194, 196, 653 S.E.2d 802, 805 (2007) ("Under Georgia law, personal jurisdiction is conferred over a nonresident if the

nonresident enters into a contract containing a Georgia choice of forum and arbitration clause."). In *OFC Capital*, the Georgia Court of Appeals found that Georgia could exercise personal jurisdiction over a nonresident corporation by virtue of a forum selection clause stating that "all legal actions relating to the [contract] shall be venued exclusively in" Georgia. *OFC Capital*, 285 Ga. App. at 816-17, 819, 648 S.E.2d at 141, 143.

The forum selection clause at issue here states that "Muscogee County, Georgia shall be the venue for any action, special proceeding or other proceeding that may be brought, or arise out of, in connection with or by reason of" the Assignment Agreement. Assignment Agreement ¶ 3.2. This action arises by reason of the Assignment Agreement because Nicol assumed obligations under the Promissory Note and Security Agreement by virtue of the Assignment Agreement. Therefore, the Court concludes, based on *OFC Capital*, the forum selection clause in the Assignment Agreement is sufficient to waive personal jurisdiction, provided that the forum selection clause is enforceable. The next question is whether the forum selection clause is enforceable.

"Both the United States Supreme Court and [Georgia] courts have held that forum selection clauses are prima facie valid and are to be enforced unless the opposing party can show that enforcement would be unreasonable under the circumstances."

*Carter's Royal Dispos-All v. Caterpillar Fin. Servs., Inc.*, 271 Ga. App. 159, 160, 609 S.E.2d 116, 118 (2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *cf. Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting that when parties "stipulate in advance to submit their controversies for resolution within a particular jurisdiction" and the forum selection clause was "obtained through freely negotiated agreements," enforcement of the forum selection clause "does not offend due process") (internal quotation marks omitted). To invalidate such a clause, the opposing party must show that trial in the chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court." *Carter's Royal Dispos-All*, 271 Ga. App. at 160, 609 S.E.2d at 118 (internal quotation marks omitted). The Georgia courts "will enforce a freely negotiated agreement absent a compelling reason, such as overweening bargaining power." *Id.*

Nicol admits he entered the Assignment Agreement. Def.'s Mot. to Dismiss Attach. 2, Nicol Aff. ¶ 9, ECF No. 2-2. There is no evidence of overweening bargaining power. In fact, there is little evidence of the bargaining process at all. Nicol claims, however, that he did not agree to the forum selection clause because he did not know it was in the Assignment Agreement. *Id.* ¶ 12. He also asserts that he "felt [he] had no ability to negotiate any of its terms" because both Gill and

11

Raymond Thorn of Premium Service, LLC had executed the Agreement by the time Nicol received it. *Id.* ¶ 14.

Nicol points to no evidence that he was not permitted to negotiate the Agreement, and he points to no evidence that he was not permitted to read the Agreement before signing it. Rather, Nicol, a sophisticated businessman, seems to have overlooked the forum selection clause, which appears on page three of the three-page Assignment Agreement. Assignment Agreement ¶ 3.2, ECF No. 1-1 at 19. "[F]ew rules of law [are] more fundamental than that which requires a party to read what he signs and to be bound thereby. This rule has particular force when the party is well educated and laboring under no disabilities." *Mosera v. Davis*, 306 Ga. App. 226, 232, 701 S.E.2d 864, 869 (2010) (internal quotation marks omitted); *accord Carter's Royal Dispos-All*, 271 Ga. App. at 161, 609 S.E.2d at 118-19 (enforcing forum selection clause despite party's failure to read the contract before signing it). Nicol pointed to no reason why he could not have proposed a change to the Assignment Agreement once he reviewed the document. The forum selection clause is clear and legible, and there is no evidence that Gill or Thorn misled Nicol as to the terms of the Agreement. Finally, though there is evidence that litigating this case in Georgia would cause some interruptions to Nicol's business, there is no evidence that litigating this case in

12

Georgia would be so inconvenient that it would, in essence, deprive Nicol of his day in court.[5] For all of these reasons, the Court concludes that the forum selection clause in the Assignment Agreement is enforceable. Given that the forum selection clause in the Assignment Agreement constitutes a waiver of personal jurisdiction, the Court concludes that it may exercise personal jurisdiction over Nicol, and his Motion to Dismiss is denied.

**III. Nicol's Motion to Transfer Venue**

If the action is not dismissed, Nicol seeks to have it transferred to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404. Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A forum selection clause is "a *significant* factor that figures *centrally* in the district court's calculus." *P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (per curiam) (internal quotation marks omitted). "[T]he venue mandated by a choice of forum clause rarely will be

---

[5] Nicol summarily stated in his affidavit: "I feel that [I] would effectively be denied my day in court if forced to litigate this matter in Georgia." Nichol Aff. ¶ 24. Other than interruptions to his business and possible occasional travel to Georgia, Nicol did not point to any evidence that litigating this action would cause such an extreme hardship that he would be deprived of his day in court.

13

outweighed by other 1404(a) factors." *Id.* (internal quotation marks omitted). "The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *Id.*

As discussed above, the forum selection clause in the Assignment Agreement is enforceable, and no evidence has been presented that Georgia was chosen to discourage the parties from pursuing legitimate claims. By enforcing the forum selection clause, the Court simply requires Nicol to litigate these claims in the forum that he originally chose. The Court thus finds no legitimate reason to transfer this action to Utah, and Nicol's Motion to Transfer Venue is denied.

## CONCLUSION

As discussed above, Gill's Application for Entry of Partial Default Judgment (ECF Nos. 7 & 8) is denied. Nicol's Motion to Dismiss or to Transfer Venue (ECF No. 2) is denied.

IT IS SO ORDERED, this 19th day of April, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

14